(113 So. 123)

No. 28109.

**TAYLOR et al. v. JAENKE et al.**

March 28, 1927. Rehearing Denied May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. Specific performance ⬅132—Tender of entire land to each of defendants, under decree to accept title or be liable proportionally, held sufficient (Civ. Code, art. 1913).

Under a decree requiring seven defendants to complete land purchase should clear title be tendered, and providing for judgment against each of them for one-seventh of the amount due should they refuse to accept due tender, tender of the whole property to each, with demand for the whole price, *held* valid and sufficient to put them in default for rejection thereof, under Civ. Code, art. 1913, providing that party to commutative contract must, to put other in default, offer to perform on his part.

2. Specific performance ⬅132—Statutes relating to tender by debtor to creditor do not apply to tender by vendor of land, under decree on commutative contract (Code Prac. arts. 404–418; Civ. Code, art. 1913).

Code Prac. arts. 404–418, relating to tender by debtor to creditor and imposing no duty on creditor, do not apply to tender by a vendor under a decree on a commutative contract for the sale of real property, which is governed by Civ. Code, art. 1913.

3. Tender ⬅3—Statutes relating to tender by debtor to creditor do not conflict with statute on reciprocal duties, under commutative contract (Code Prac. arts. 404–418; Civ. Code, art. 1913).

Code Prac. arts. 404–418, relating to tender by a debtor to his creditor imposing no duty upon the creditor, do not conflict with Civ. Code, art. 1913, relating to reciprocal duties and obligations of parties to a commutative contract.

Appeal from Fourteenth Judicial District Court, Parish of Jefferson Davis; Thomas F. Porter, Jr., Judge.

Action by Clyte N. Taylor and others against William D. Jaenke and another. Judgment for plaintiffs, and defendants appeal. Reversed and dismissed.

See, also, 161 La. 996, 109 So. 814.

McCoy & Moss, of Lake Charles, for appellants.

Modisette & Adams, of Jennings, for appellees.

BRUNOT, J. The plaintiffs in this suit, seven in number, were the defendants in the case of Jaenke v. Taylor et al., 160 La. 109, 106 So. 711. In 1920 they entered into a contract with William D. Jaenke, under the terms of which they acquired possession of the business and real estate owned by the W. D. Jaenke Grain Company, of Jennings, La. They defaulted on their contract, and the case reported in the 160 La. 109, 106 So. 711, followed. In that case this court said:

"It is admitted that the defendants contemplated organizing a corporation when they entered into the contract with the plaintiff. But it is a disputed question as to whether they

agreed with the plaintiff to effect such an organization, and as to what the amount of the capital stock should be. The evidence is woefully conflicting as to the amount of capital stock, and we shall not undertake to reconcile the conflict.

"It is sufficient to say that the defendants bound themselves to make the purchase and to accept the title in the name of a corporation not then in existence. The corporation which they did organize, and of which they are stockholders, is not a party to the suit, and the court has no authority to order that or any other corporation to accept title. The defendants assumed that duty and have not discharged it. They should be held to do so.

"All of the price agreed to be paid is long since due and the plaintiff has asked that the judgment be amended so as to require that the price be paid in cash, plus interest. The plaintiff is entitled to the relief sought in this respect."

The judgment of the district court in Jaenke v. Taylor et al. was in favor of the plaintiff and against the seven defendants, in solido, for $10,000, with interest, attorney's fees, and costs. It ordered the defendants to organize a corporation to complete the purchase of the property, to pay the cash portion of the purchase price, and to secure the credit portion thereof according to the terms of the contract; and it ordered the plaintiff to cancel all outstanding incumbrances affecting the property and tender title thereto to defendants within a given time; and it, in effect, ordered the dismissal of the suit in the event plaintiff failed to furnish proof of the cancellation of the incumbrances and tender title within the time fixed therein. On appeal to this court, we found it necessary to recast that judgment. We quote the following from our decree:

"For the reasons assigned, it is ordered and decreed that the defendants do complete the purchase and accept the title to the property described in the petition, should the same be tendered to them by the plaintiff within 30 days after this judgment shall become final, and that said defendants pay to the plaintiff as the price of said property $10,000 cash, with interest at the rate of 8 per cent. per annum from December 7, 1920, till date of payment, reserving to said defendants the right to retain sufficient of the price to discharge the incumbrances on the property in the case the plaintiff had not done so.

"In the case the defendants shall fail or refuse to accept the title tendered, then this judgment shall constitute the title to said land, and the plaintiff shall have judgment against the seven defendants each for one-seventh of the said $10,000, with interest at 8 per cent. per annum from December 7, 1920, till paid, with vendor's privilege on the property described in the petition."

On an application to correct our decree, or, in the alternative, for a rehearing, we said:

"We were mistaken in assuming that the defendants had paid interest on all of the price up to December 7, 1920. As a matter of fact, interest was only paid on $3,500 up to that date. It follows that plaintiff should have interest on $6,500 from August 16, 1920. As this was an oversight or an error patent on the face of the record, the same may be corrected without granting a rehearing."

Within the 30 days after the foregoing judgment became final, plaintiff cleared the property of all incumbrances and tendered the title thereto to each one of the defendants, accompanying the tender with a demand upon each for the payment of the price with accrued interest thereon. All of the defendants declined to accept the tender or pay the price, and, after the delay fixed in the decree had expired and no further tender had been made, they instituted this suit.

The substance of their petition is that, inasmuch as the Supreme Court amended the judgment of the district court and held that the petitioners were not liable in solido for the purchase price of the property, the tender of the whole property to each one of them and the demand upon each of them for the payment of the whole price was not a legal and binding tender; and, inasmuch as no legal tender was timely made, the judgment rendered against them in the suit of Jaenke v. Taylor et al. should be dissolved and annulled. Their prayer is for the annulment, cancellation, and erasure of that judgment from the mortgage records of Jefferson Davis parish, and for costs.

The pertinent averments of the answer are that the judgment of the district court was superseded and abrogated by the decree of the Supreme Court; that the alternative portion of that decree was wholly contingent upon plaintiff's failure to accept the title to the property when tendered, and, in that event only, would the judgment constitute the title to the land and plaintiffs become joint obligors for the price thereof; that no technical procedure for making tender of title to plaintiffs was prescribed in the decree of the Supreme Court; that no formal prerequisite for such a tender is prescribed by law; and that the provisions of the Code of Practice relating to tender apply to tenders made before suit, or before final judgment in a suit, of whatever may be admitted to be due.

The pleadings are lengthy and there are many allegations in the petition and denials and averments in the answer, which we need not mention, for the reason that a decision on the issues we have stated will dispose of the case.

The trial of the case in the court below was terminated there by a judgment in favor of the plaintiffs, which discharged them from any liability or obligation to William D. Jaenke under the judgment rendered in the case of Jaenke v. Taylor et al., reported in 160 La. 109, 106 So. 711, and in favor of the plaintiffs and against William D. Jaenke and Clarphy Pitre, recorder of Jefferson Davis parish, ordering the cancellation and erasure from the records of that parish of said judgment, and for costs. From this judgment the defendant appealed.

[1, 2] There is no dispute as to the facts of the case. The appellees contend that, under the decree of this court, they were liable to the appellant only as joint obligors, and that a tender of one-seventh of the property and a demand for the payment of one-seventh of the purchase price should have been made upon each one of them; that a tender of the whole property and a demand for the payment of the whole price was not a valid tender. The learned trial judge approved the correctness of that contention and adopted it as the basis of his judgment. We think he erred. The wording of our decree does not seem to admit of such an interpretation. We ordered the defendants to complete the purchase and accept the title to the property, when tendered, and to pay the price, in cash, with interest. It was only in the event of their failure to do so that our alternative decree was to become effective. Counsel for appellees cite articles 408 and 409 of the Code of Practice. These articles relate only to the notice of intended tender of movable property which cannot be easily transported and which is deposited in a particular place. They rely upon articles 410 and 411 of the Code of Practice. These articles are, in part, as follows:

"Art. 410. If the object of the obligation on the part of the *debtor* be real property, a debt, or some other personal right which the *debtor* has promised to sell, transfer or convey to the *creditor, such debtor* must previously give written notice to the *creditor*, to be and appear on a certain day, and at a fixed hour, at the office of some public notary or of some officer exercising similar functions, or at such other place as he may designate, in order there to receive the sale, cession, transfer or conveyance, which he is ready to make to him, either of the real estate, debt or personal right which he had contracted to transfer to such *creditor*." (Italics ours.)

"Art. 411. After due notice having been given, the *debtor* must appear, either in person or by his agent, at the place designated pursuant to the provision of the preceding article, and there, in the presence of two witnesses residing in the place, offer to the *creditor*, if he appear, to execute in his favor, in due form, either the sale, conveyance, or transfer which he had contracted to execute." (Italics ours.)

From a mere reading of these articles it is apparent that they impose no duty whatever upon the *creditor*. They merely prescribe the method by which a *debtor* may make a real tender to his *creditor*. This is true of all of the articles of the Code of Prac-

tice relative to real tender. They are found in section 1, c. 4, of that Code, beginning with article 404 and ending with article 418.

Counsel quote at length from the case of Frey v. Fitzpatrick-Cromwell Co., Limited, 108 La. 125, 32 So. 437. We have read that case, and we fail to note its application to the facts of this case. In that case, the debtor admitted a part of the sum sued for and alleged a legal tender of that sum to the creditor, which the latter refused. On the motion of plaintiff, a judgment was rendered in the trial court in his favor for the sum admitted to be due, with interest thereon, and reserving his right to prosecute the suit for the balance claimed. On appeal, the judgment was amended by reserving to defendant the right to prove a legal tender and by reserving to the plaintiff the right to claim interest on the sum for which judgment was rendered in the event the defendant failed on the trial of the merits to establish a legal tender. The court, however, in its opinion in that case, after quoting article 418 of the Code of Practice, said:

"This article, then, makes it clear that the law of tender as laid down in the Code of Practice prevails over that on the same subject-matter in the Civil Code, in case of any conflict between the two.".

[3] Inasmuch as the articles of the Code of Practice relating to tender impose a duty or obligation upon the debtor alone who has legal possession of the thing to be tendered, there can be no conflict between those articles and article 1913 of the Civil Code, relating to the reciprocal duties and obligations of the parties to a commutative contract, which article is as follows:

"In commutative contracts, where the reciprocal obligations are to be performed at the same time, or the one immediately after the other, the party who wishes to put the other in default must, at the time and place expressed in, or implied by the agreement, offer or perform, as the contract requires, that which on his part was to be performed, otherwise the opposite party will not be legally put in default."

The parties to this suit entered into a commutative contract and the appellant, timely and in good faith, tendered to the appellees full performance of the obligations imposed upon him by that contract, by the provisions of article 1913 of the Civil Code and by the letter and spirit of the primary decree of this court. We think such a tender, under the special facts and unusual circumstances of this case, is sufficient to put the appellees in default. This conclusion is decisive of the case. For these reasons, the judgment appealed from is reversed and this suit is dismissed at appellees' cost.

O'NIELL, C. J., concurs in the decree for the reason that the plaintiffs did not complain at the time of the tender of title for the whole property to all of them jointly, and none of them expressed a willingness to accept title for one-seventh of the property and pay that proportion of the price.